UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MASTR Asset Backed Securities Trust 2006-HE3, by U.S.Bank National Association, | Civil 11-02542 PAM/TNL |
| Plaintiff, | **AMENDED** |
| v. | NOTICE OF PRETRIAL CONFERENCE |
| WMC Mortgage Corporation, et al | |
| Defendants. | |

I.   DATE, TIME, PLACE AND PARTICIPANTS

A pretrial conference in the above case will be held on **Thursday, February 9, 2012 @11:30 A.M.** before the Honorable Paul A. Magnuson, at 316 North Robert St., Seventh Floor, Room 734, St. Paul, Minnesota.  Counsel who will try the case should make every effort to be present at the conference.  Pursuant to Fed.R.Civ.P. 26(f), counsel shall meet in person at least 14 days before the scheduled pretrial conference.

II.   REPORT REQUIRED BY RULE 26(f)

Within 10 days after the Rule 26(f) meeting counsel shall jointly prepare and file with the Clerk of Court, a complete written Report of the Rule 26(f) meeting. **A copy of the Report shall be sent directly to the undersigned <u>one week prior to the conference.</u>**  The Report shall include:

A.   Date and place of the Meeting and Identification of the Parties, and Their Attorneys

   1.   The date and place at which the meeting was held;

        2.      Name, address and occupation of each party, together with the name, address, and ID number of the attorneys who represented each party at the meeting;

        3.      Name of insurance carriers which may be liable for payment of any damage award;

B.    <u>Description of the Case</u>

        1.      A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses;

        2.      A concise statement of the jurisdictional basis of the case, giving a brief narrative description as well as statutory references by number;

        3.      A brief statement of the material factual issues to be resolved;

C.    <u>Pleadings</u>

        1.      A statement of whether all pleadings have been filed, and a description of any amendments to the pleadings the party proposes to make including the identification of any new parties to be added (if none, so state);

        2.      Whether jury trial is available under the law, and whether a jury trial has been timely demanded;

D.    <u>Discovery Plan[1] and Nondispositive Motions</u>

        1.      Date by which all pre-discovery disclosures required by Rule 26(a)(1) will be completed;

        2.      The date by which all discovery (including expert discovery) shall be completed;

        3.      The date by which all motions which seek to amend the pleadings or add parties must be filed and the hearing thereon completed;

        4.      The date by which all other nondispositive motions must be filed and served;

---

[1] If the parties are unable to agree upon discovery plan, the Report shall separately set forth each party's proposed plan.

      5.       The number of interrogatories each party shall be permitted to serve;

      6.       The number of depositions each party shall be permitted to take excluding expert witness depositions);

      7.       A statement of how many, if any, expert witnesses each party anticipates calling at trial, and a brief (one or two words) description of the type of experts anticipated, e.g. medical doctor, economist, accident reconstructionist, accountant;

      8.       The dates by which each party shall disclose the identity of expert witnesses and disclose the reports required under Rule 26(a)(2);

      9.       Whether the parties anticipate expert depositions;

      10.       The number of expert depositions each party shall be permitted to take.

      11.       The frequency with which discovery responses must be supplemented pursuant to Rule 26(a);

E.       <u>Dispositive Motions and Trial</u>

      1.       Date by which all dispositive motions shall be filed and noticed;

      2.       Date by which the case will be ready to commence trial;

      3.       Estimated trial time including jury selection and instructions.

III.       <u>SETTLEMENT</u>

A.       The parties should fully explore the possibility of settling this case at the Rule 26(f) meeting.  If the case does not settle, the parties shall be fully prepared to advise the court at the pretrial conference about the status of settlement discussions.

B.       Plaintiff is directed to make a written settlement demand prior to the Rule 26(f) meeting.  Defendant shall respond in writing to this demand as soon as possible, but in no event later than the date of the pretrial conference with the court.

  C. If the plaintiff is unable to make a settlement demand, plaintiff shall be fully prepared:

    1. To explain the inability at the pretrial conference;

    2. To advise the court what is needed to evaluate settlement; and

    3. To advise the court of the earliest date the parties can realistically evaluate settlement.

  D. The parties shall be prepared to advise the court whether they wish to engage in any method of alternative dispute resolution following pre-discovery disclosures but before formal discovery is commenced.

**If parties or counsel are not listed, it is the <u>RESPONSIBILITY OF THE PLAINTIFF'S COUNSEL</u> to notify those parties or counsel of this conference <u>IMMEDIATELY</u>.** Also, if parties are outside of the Twin Cities area and a telephone conference is desired, please contact the undersigned at (651) 848-1156.

DATED: October 28, 2011

           *s/Suzanne M. Ruiz*
           Suzanne M. Ruiz, Calendar Clerk to
           Judge Paul A. Magnuson

cc: Justin H. Perl
   Marc E. Kasowitz
   Michael M. Fay
   Uri A. Itkin
   Andrew M. Luger
   Barbara S. Steiner
   Jenny Gassman-Pines
   Matthew J. Thomas
   Richard T. Ostlund
   David B. Bergman
   Nicholas M. DePalma
   Randy G. Gullickson