UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---------------------------------------- X

MASTR Asset Backed Securities Trust 2006-HE3, by U.S. BANK NATIONAL ASSOCIATION, solely in its Capacity as the Trustee pursuant to a Pooling And Servicing Agreement, dated as of August 1, 2006,

        Plaintiff,

        v.

WMC MORTGAGE CORPORATION and EQUIFIRST CORPORATION,

        Defendants.

11 Civ. 2542 (PAM/TNL)

---------------------------------------- X

### JOINT REPORT PURSUANT TO FED. R. CIV. P 26(f)

Pursuant to the Court's October 28, 2011 Pretrial Conference Order, the parties hereby submit a joint report as required by Fed. R. Civ. P. 26(f). The pretrial conference is scheduled for February 9, 2012 at 11:30 a.m. before the Honorable Paul A. Magnuson, at 316 North Robert St., Seventh Floor, Room 734, St. Paul, Minnesota.

A.    Date and place of the Meeting and Identification of the Parties, and Their Attorneys

    1.    The date and place at which the meeting was held:

        Counsel conferred by phone on January 25, 2012.

    2.    Name, address and occupation of each party, together with the name, address, and ID number of the attorneys who represented each party at the meeting:

        **Plaintiff** MASTR Asset Backed Securities Trust 2006-HE3, by U.S. Bank National Association, located at 60 Livingston Avenue, St. Paul, MN 55107-2292

>Represented by Michael M. Fay and Uri A. Itkin of Kasowitz, Benson, Torres & Friedman, LLP, located at 1633 Broadway, New York, NY 10019; and Justin H. Perl (#151397) of Maslon Edelman Borman & Brand, LLP, located at 90 South Seventh Street, Minneapolis, MN 55402-4140.
>
>**Defendant** WMC Mortgage Corporation, predecessor to WMC Mortgage, LLC, located at 6320 Canoga Avenue, Suite 1300, Woodland Hills, CA 91367.
>
>Represented by Andrew M. Luger (Reg. No. 189261) and Jenny Gassman-Pines (Reg. No. 386511) of Greene Espel P.L.L.P., located at 200 S. Sixth Street, Suite 1200, Minneapolis, MN 55402; and Barbara S. Steiner of Jenner & Block, L.L.P., located at 353 N. Clark Street, Chicago, IL 60654.
>
>**Defendant** EquiFirst Corporation, located at 1300 S. Tryon Street, Suite F-317, Charlotte, NC 28278.
>
>Represented by David B. Bergman and Nicholas M. DePalma of Arnold & Porter LLP, located at 555 Twelfth Street, NW, Washington, DC 20004-1206.

3. Name of insurance carriers which may be liable for payment of any damage award:

   WMC is not currently aware of any insurance carriers which may be liable for payment of any damages award. EquiFirst is not currently aware of any insurance carriers which may be liable for payment of any damages award.

B. Description of the Case

1. A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses:

   This is a breach of contract action for specific performance, damages and declaratory judgment arising out of a number of agreements that relate to certain mortgage loans each Defendant individually sold to third-party UBS. Those loans, and loans originated by others, were deposited into a trust ("Trust"), for which Plaintiff serves as Trustee ("Trustee") and Wells Fargo serves as Master Servicer. In the course of selling the loans to UBS, each Defendant made certain representations and warranties with regard to the individual loans it originated, and agreed to repurchase a loan it sold if there was a breach of a representation or warranty that materially and

adversely effects the value of the loan or the certificates issued by Trust, and, according to Defendants, if adequate and timely notice and an opportunity to cure was provided, and if certain other contractual conditions were satisfied.  Plaintiff alleges that there have been breaches in the representations and warranties with respect to certain loans, and has requested that the Defendants repurchase certain loans, but neither Defendant has done so.

Defendants take the position that they do not know which loans are at issue, and for any loans that are at issue they have not received proper or timely notice or an opportunity to cure.  They also assert that they do not know: what breaches of representations and warranties are alleged for any particular loan for which Plaintiff seeks repurchase or damages; the basis for Plaintiff's claim that there has been such a breach; or whether any alleged breach materially and adversely affects the value of such loan. Further, Defendants assert that Plaintiff is not entitled to any of the relief it has requested nor has it mitigated its damages, if any.

2.  A concise statement of the jurisdictional basis of the case, giving a brief narrative description as well as statutory references by number:

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2), in that there is complete diversity among the parties and the amount in controversy exceeds $75,000.

3.  A brief statement of the material factual issues to be resolved:

Disputed issues in this action include whether:  (a) Defendants, as mortgage originators, breached contractual representations and warranties for loans they originated; (b) Plaintiff has complied with all conditions precedent to suit, including by giving sufficient and timely notice of any such breaches as required by the contracts; (c) any such breaches had a material and adverse effect on the loans or the interests of the Certificateholders therein; (d) Defendants are required to repurchase any of the loans in the Trust; (e) Plaintiff took sufficient steps to mitigate its losses (if any); (f) Plaintiff is entitled to declaratory judgment with respect to its claims against Defendants; and (g) Plaintiff can seek an award of monetary damages given the contractual language providing for cure, repurchase, or substitution as the "sole" remedy(ies).  Defendants have not yet filed Answers in this matter, and such pleadings, if the motions to dismiss are not granted, as well as any counterclaims, may lead to additional issues.

C. Pleadings

1. A statement of whether all pleadings have been filed, and a description of any amendments to the pleadings the party proposes to make including the identification of any new parties to be added (if none, so state):

    Plaintiff has filed its Complaint, as of September 2, 2011. Plaintiff does not intend to add any new parties and does not intend to amend its pleadings, unless such amendment is necessary following the Court's decision on Defendants' motions to dismiss. Defendants have each responded to the present Complaint by filing motions to dismiss. If any of the Complaint survives their respective motions, Defendants will need to file another responsive pleading and may file counterclaims relating to Plaintiff's alleged failure to comply with the applicable agreements in good faith.

2. Whether jury trial is available under the law, and whether a jury trial has been timely demanded:

    Jury trial is available and has been timely demanded.

D. <u>Discovery Plan and Nondispositive Motions</u>

   1. Date by which all pre-discovery disclosures required by Rule 26(a)(1) will be completed:

      Three weeks following the Court's decision on Defendants' motions to dismiss.

   2. The date by which all discovery (including expert discovery) shall be completed:

      The parties agree that discovery shall be stayed pending the Court's ruling on the motions to dismiss. Beyond that, the parties cannot agree on a deadline to complete discovery.

      Plaintiff proposes 11 months following the Court's decision on Defendants' motions to dismiss.

      Defendants propose 11 months for fact discovery following the Court's decision on Defendants' motions to dismiss, followed by 6 months for expert discovery.

   3. The date by which all motions which seek to amend the pleadings or add parties must be filed and the hearing thereon completed:

       Six months after the start of discovery.

4. The date by which all other nondispositive motions must be filed and served:

    By the end of discovery.

5. The number of interrogatories each party shall be permitted to serve;

    25 interrogatories per party.

6. The number of depositions each party shall be permitted to take excluding expert witness depositions):

    12 depositions per party.

7. A statement of how many, if any, expert witnesses each party anticipates calling at trial, and a brief (one or two words) description of the type of experts anticipated, e.g. medical doctor, economist, accident reconstructionist, accountant:

    Plaintiff anticipates calling three experts: a forensic loan underwriting analyst; a statistician; and a damages expert.

    Defendant EquiFirst anticipates calling six experts: a loan underwriting analyst; a statistician; an economist; a damages expert; a servicing expert; and an industry expert.

    Defendant WMC anticipates calling six experts: a loan underwriting analyst; a statistician; an economist; a damages expert; a servicing expert; and an industry expert.

8. The dates by which each party shall disclose the identity of expert witnesses and disclose the reports required under Rule 26(a)(2):

    The parties cannot agree.

    Plaintiff proposes nine months after the Court's decision on the Defendants' motions to dismiss.

    Defendants propose that Plaintiff disclose its experts the day that fact discovery closes (and provide expert reports at that time); Defendants

disclose their experts 1 month thereafter and provide expert reports; Plaintiff has 1 month thereafter to provide rebuttal reports; and the parties then have 3 months to depose all experts.

9. Whether the parties anticipate expert depositions:

Yes.

10. The number of expert depositions each party shall be permitted to take.

The parties shall be permitted to depose all testifying experts.

Plaintiff proposes that expert depositions should be completed in the two months following the release of expert reports.

Defendants propose: see above.

11. The frequency with which discovery responses must be supplemented pursuant to Rule 26(a):

As appropriate pursuant to the Federal Rules of Civil Procedure.

E. Dispositive Motions and Trial

1. Date by which all dispositive motions shall be filed and noticed:

60 days after completion of all discovery.

2. Date by which the case will be ready to commence trial:

90 days after the Court's decision on any motions for summary judgment, or if no such motions are filed, 90 days after the completion of all discovery, including expert discovery.

3. Estimated trial time including jury selection and instructions:

The parties cannot agree.

Plaintiff proposes 10-15 days.

Defendants propose 4-6 weeks.

The parties' estimates are subject to change based on the Court's decision on Defendants' motion to dismiss, as well as discovery.

F.   Settlement

1.   Plaintiff has not made a written settlement demand.

2.   Plaintiff is amenable to mediation.

3.   Defendant WMC is amenable to pre-discovery mediation.

4.   Defendant EquiFirst is amenable to pre-discovery mediation.

Dated:  February 2, 2012

Respectfully submitted,

GREENE ESPEL P.L.L.P.

By:   /s/ Jenny Gassman-Pines
Andrew M. Luger, Reg. No. 189261
Jenny Gassman-Pines, Reg. No. 386511
200 S. Sixth Street, Suite 1200
Minneapolis, MN 55402
aluger@greeneespel.com
jgassman-pines@greeneespel.com
(612) 373-0830

JENNER & BLOCK L.L.P.

By:   /s/ Barbara S. Steiner
Barbara S. Steiner, IL Reg. No. 2719665
(pro hac vice)
Matthew J. Thomas, IL Reg. No. 6244009
(pro hac vice)
353 N. Clark Street
Chicago, IL 60654
bsteiner @jenner.com
mthomas@jenner.com
(312) 222-9350

*Attorneys for WMC Mortgage, LLC, as successor to Defendant WMC Mortgage Corporation*

ANTHONY OSTLUND BAER &
LOUWAGIE P.A.

By: /s/ Randy G. Gullickson
Richard T. Ostlund (#144277)
Randy G. Gullickson (#185607)
90 South Seventh Street, Suite 3600
Minneapolis, MN 55402
Telephone: 612-349-6969
Facsimile: 612-349-6996
rostlund@aoblaw.com
rgullickson@aoblaw.com

ARNOLD & PORTER LLP

By: /s/ David B. Bergman
*David B. Bergman
*Nicholas M. DePalma
*(admitted pro hac vice)
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
david.bergman@aporter.com
nicholas.depalma@aporter.com

*Counsel for Defendant EquiFirst Corporation*


KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP

By: /s/ Michael M. Fay
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Michael M. Fay (mfay@kasowitz.com)
Uri A. Itkin (uitkin@kasowitz.com)
(admitted pro hac vice)

1633 Broadway
New York, NY 10019
(212) 506-1700

8

MASLON EDELMAN BORMAN
& BRAND, LLP

Justin H. Perl (#151397)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
(612) 672-8200
justin.perl@maslon.com

*Attorneys for Plaintiff*