KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019-6799
212-506-1700
FACSIMILE: 212-506-1800

MICHAEL M. FAY
212-506-1706
MFAY@KASOWITZ.COM

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO

February 23, 2012

BY ELECTRONIC FILING

The Honorable Paul A. Magnuson
United States District Court for the District of Minnesota
734 Federal Building
316 N. Robert Street
St. Paul, MN 55101

  Re: *MASTR Asset Backed Securities Trust 2006-HE3, by U.S. Bank National Association v. WMC Mortgage Corporation et al.*, No. 11 Civ. 2542

Dear Judge Magnuson:

  We represent the Plaintiff in the above-referenced action and write to request that Plaintiff be permitted to file a motion for reconsideration of the Court's February 16, 2012 memorandum and order (the "Order"), as it relates only to Plaintiff's dismissed claims against Defendant EquiFirst.[1] The basis for dismissal – that Plaintiff's notice of breach to EquiFirst was untimely – is based on the incorrect assumption that Wells Fargo is the "Servicer" of the Trust, when in fact the Servicer is an entirely different entity.

## I. Wells Fargo Is Not The Servicer

  The Order states that Plaintiff's October 15, 2010 breach letter to EquiFirst was outside of the 60-day notice period required in the Purchase Agreement because "notice to Wells Fargo was notice to US Bank." (Order at 6.) The Order based this conclusion on language in EquiFirst's Assignment Agreement, which defines the Trust to "includ[e] the Trustee and the Servicer acting on the Trust's behalf." *Id.* The Order presumes that Wells Fargo is the Servicer.

  However, Wells Fargo is not the Servicer. Rather, HomEq Servicing Corporation ("HomEq") is the Servicer. (Assignment Agreement at 1 (Recognition of the Company); PSA at title page, § 1.01.) Wells Fargo, as the Order recognizes, is the "Master Servicer." (Order at 1; Assignment Agreement at 1 (Recognition of the Company); PSA at title page, § 1.01.) HomEq – which has since been acquired by Ocwen Loan Servicing, LLC ("Ocwen") – is a separate entity

---

[1] Motions for reconsideration are granted "to correct manifest errors of law or fact or to present newly discovered evidence." *Betuw v. A.L.S. Enterprises, Inc.*, 259 F.R.D. 187, 194 (D. Minn. 2009); *see also* D. Minn. Local Rule 7.1(h). Capitalized terms undefined herein have the meaning given to them in the Order.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

The Honorable Paul A. Magnuson
February 23, 2012
Page 2

and is completely unrelated to Wells Fargo. Further, pursuant to the PSA, HomEq's duties, as Servicer, are *wholly distinct and separate* from Wells Fargo's duties as Master Servicer. (*Compare* PSA § 3.01 (defining duties of the Servicer) *with* PSA § 3A.01 (defining duties of the Master Servicer).) Wells Fargo and HomEq do not have any legal relationship and have no ties other than being parties to the PSA. (*See, e.g.*, PSA § 11.05.)

II.   **As To EquiFirst's Breaches, Only HomEq, The Servicer, Not
      Wells Fargo, The Master Servicer, Is Deemed To Represent The Trust**

In the Assignment Agreement, EquiFirst agreed that the remedies for any breach of its representations and warranties (as set forth in the Purchase Agreement and incorporated into Section 2 of the Assignment Agreement) are available to the Trust, including the Trustee (US Bank) and the Servicer (HomEq) acting on the Trust's behalf. (Assignment Agreement at 2-3 (Remedies for Breach of Representations and Warranties).) This is consistent with EquiFirst's recognition, cited in the Order, that "all references to the Purchaser (. . . insofar as they relate to the enforcement of the representations, warranties and covenants of [EquiFirst]) . . . shall be deemed to refer to the Trust (including the Trustee and the Servicer acting on the Trust's behalf)." (Assignment Agreement at 1). Thus, for purposes of breaches of EquiFirst's representations and warranties, EquiFirst expressly agreed that the Trust included only the Trustee, US Bank, and the Servicer, HomEq – not the Master Servicer, Wells Fargo.[2]

Because there is nothing before the Court even suggesting that HomEq (or Ocwen), the Servicer, received any notice of breaches of EquiFirst's representations and warranties, the 60-day notice period began on August 27, 2010, when the Trustee received notice thereof. (Cmplt. ¶ 21.) Hence, notice to EquiFirst was due within 60 days of that date – on or about October 26, 2010. The Trustee gave its notice to EquiFirst on October 15, 2010, well before the expiration of the notice period. Therefore, the Trustee's October 15, 2010 notice was timely. Accordingly, we respectfully request that Your Honor reconsider the dismissal of Plaintiff's claims against EquiFirst.

Sincerely,

Michael M. Fay

cc:   Counsel for Defendants (by email)

---

[2] In contrast, the only remedies available to Wells Fargo, as the "Master Servicer acting on the Trust's behalf," are for breaches of representations and warranties in *Section 3* of the Assignment Agreement made by *UBS, the Assignor.* (Assignment Agreement at 3 (Remedies for Breach of Representations and Warranties).) No remedies are available to Wells Fargo in the Assignment Agreement with regard to EquiFirst.