UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MASTR Asset Backed Securities<br>Trust 2006-HE3, by U.S. Bank<br>National Association, Trustee,<br><br>           Plaintiff,<br>v.<br><br>WMC Mortgage Corporation and<br>EquiFirst Corporation,<br><br>           Defendants. | Civil No. 11-2542 (PAM/TNL)<br><br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion seeking the entry of judgment as to Defendant EquiFirst Corporation under Fed. R. Civ. P. 54(b). Plaintiff apparently wishes to take an interlocutory appeal of the Court's Order dismissing Plaintiff's claims against EquiFirst (Docket No. 35), and the Court's subsequent denial of reconsideration of that Order (Docket No. 39).

This Court may enter final judgment on some but not all of the claims in a lawsuit "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Interlocutory appeals under Rule 54(b) are "generally disfavored," Clark v. Baka, 593 F.3d 712, 714 (8th Cir. 2010), and thus the appellate court scrutinizes carefully the district court's Rule 54(b) certifications. "[I]t is only the 'special case' that warrants an immediate appeal from a partial resolution of the lawsuit." Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir. 1993). Indeed, the Court of Appeals has stated that it "will not assume jurisdiction over an appeal certified under Rule 54(b)

'unless there is some danger of hardship or injustice which an immediate appeal would alleviate." Clark, 593 F.3d at 715 (quoting Taco John's of Huron, Inc v. Bix Produce Co., 569 F.3d 401, 402 (8th Cir. 2009)).

Plaintiff's Motion provides no basis for concluding that Plaintiff will face some sort of hardship or injustice if the Court denies Rule 54(b) certification at this stage. "This case is indistinguishable from any civil action where some, but not all, claims are resolved" by dispositive motion. Clos v. Corrections Corp. of Am., 597 F.3d 925, 929 (8th Cir. 2010). Considering "both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals," McAdams, 533 F.3d 924, 928 (8th Cir. 2008), the Court concludes that the entry of final judgment under Rule 54(b) is not warranted.

Accordingly, **IT IS HEREBY ORDERED that** Plaintiff's Motion for Entry of Judgment under Rule 54(b) (Docket No. 43) is **DENIED**.

Dated:  March 14, 2012

                                          s/Paul A. Magnuson  
                                          Paul A. Magnuson  
                                          United States District Court Judge